EMILY ITO MATSUMOTO KAIDA *v.* SHICHIZO YAMAGUCHI, ET AL.

No. 1679.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. FRANK ANDRADE, JUDGE.

ARGUED JUNE 8, 1926.　　　　　　　　　DECIDED JULY 1, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

PROBATE OF WILLS—*revocation—laches—minors.*

　　Laches is not imputable to a minor during minority. A minor, therefore, who seeks by judicial proceedings to have the probate of a will revoked on the ground of fraud need not allege when or by what means the fraud was discovered.

SAME—*same—return of legacy.*

　　When a beneficiary under an alleged will that has been admitted to probate accepts a legacy thereunder and thereafter seeks by judicial proceedings to have the probate of the will revoked on the ground of fraud it is necessary to allege that the legacy thus received has been returned to the court.

OPINION OF THE COURT BY BANKS, J.

This is a suit to set aside the probate of a will. For this purpose on December 31, 1923, the petitioner, Emily Ito Matsumoto Kaida, by her guardian *ad litem,* Shoichi Yokomizo, filed a petition in the circuit court of the first judicial circuit. To this petition two of the respondents

filed answers admitting its allegations and joining in the prayer for relief. The respondents Asaka Yamaguchi, Aguio Tsutsumi, Kanichi Oki, Hachigoro Furuta and Sengo Tsutsumi filed joint and several pleas. To these pleas the petitioner interposed a demurrer. This demurrer was never acted on by the court below and need not be considered. Subsequently on, to-wit, December 6, 1924, petitioner having reached her majority was substituted as sole party-petitioner. On the 19th day of May, 1925, the petitioner filed in her own name an amended petition. None of the respondents filed either answer or plea to the amended petition but two of them, Shichizo Yamaguchi and Tatsumi Matsumoto, interposed a demurrer. The demurrer was overruled by the court below and an interlocutory appeal was allowed to this court. The action of the court overruling the demurrer is assigned as error. The material averments of the amended petition are substantially as follows: Kikutaro Matsumoto died in Japan on the 5th day of January, 1919, leaving surviving him as his heirs at law four children, one of whom is the petitioner, who was then a minor. Kikutaro Matsumoto at the time of his death was the owner of real and personal property, some of which was situated within the Territory of Hawaii. On the 19th day of November, 1919, a written instrument was admitted to probate in the circuit court of the first judicial circuit of the Territory of Hawaii as the last will and testament of the said Kikutaro Matsumoto. One of the respondents, Shichizo Yamaguchi, was named as the executor of the said alleged will and he was duly appointed such by the probate court. The Trent Trust Company was also appointed as coexecutor. The estate embraced in said will was finally distributed by order of the probate court. It is further alleged in the petition that the written instrument which was admitted to probate as the last will and testament of

Kikutaro Matsumoto was not in fact his will but was a forgery; that it was prepared by one Magoichi Kaida subsequent to the death of Kikutaro Matsumoto and at the instigation of one Shichizo Yamaguchi and the name of the said Kikutaro Matsumoto and the names of the witnesses were forged by the said Magoichi Kaida and the said Shichizo Yamaguchi; that the petitioner did not know of this fraud and these forgeries until the month of October, 1923, but up to that time believed the instrument in question to be the last will and testament of her father, Kikutaro Matsumoto. It further appears from the amended petition that the petitioner as the heir at law of Matsumoto is entitled to a one-fourth interest in the estate of said decedent.

The demurrer challenges the petitioner's right to the relief sought by her on five grounds. Except the first ground, which is general in its character, the demurrer disputes the legal sufficiency of the amended petition for the following specific reasons: First, because it does not appear when or by what means the petitioner first became aware that the will admitted to probate was not in fact the last will and testament of Kikutaro Matsumoto; second, because the petition does not show why the petitioner did not contest the probate of the will; third, because it appears from the petition that the petitioner has been guilty of laches and is therefore not entitled to any relief; fourth, because it does not appear that petitioner has returned or offered to return to the estate of Kikutaro Matsumoto any of the money or other property which she may have received as a beneficiary under said will.

These grounds of demurrer, except the last one, raise the question whether the petition shows on its face that the petitioner was guilty of such laches as will preclude her from prosecuting her suit. It is contended by the

demurring respondents that the mere allegation that she did not know of the fraud and forgeries recounted in the petition until October, 1923 (three years after the alleged will was admitted to probate), is insufficient to acquit the petitioner of the legal imputation of laches. It is contended that in order for her to have the relief she seeks in the present suit she must go farther and allege when she became aware of the fraud of which she complains and the sources of her information. There are many eminent authorities, including the Supreme Court of the United States, which hold that these averments are essential. It is not necessary for us to decide this question for the reason that it is alleged in the petition that the petitioner was a minor at the time the fraud was committed and that her minority continued until after she instituted the present proceedings. If this be true she is not chargeable with laches either in failing to discover the fraud or in seeking relief against it after discovery.

The law governing this situation is clearly stated in *Kroenung* v. *Goehrl*, 20 S. W. (Mo.) 661. At page 663 the court said: "No laches of infants will prejudice their rights because the presumption is that they do not understand their rights and that they are not capable of taking notice of the rules of law so as to apply them to their advantage. * * * It is a general rule that as a person not *sui juris* cannot act on his own behalf no laches can be imputed to an infant during the continuance of his minority." In *Gibson* v. *Herriott*, 29 Am. St. Rep. (Ark.) 17, at page 25 the court said: "As an infant is not *sui juris* laches cannot be imputed to him during the continuance of his minority." To the same effect is the case of *Dragoo* v. *Dragoo*, 50 Mich. 573, where the court said: "Laches is not to be imputed to a minor or other person incompetent to act on his own behalf." Professor Pomeroy, in his work on Equitable Remedies, Vol. 1,

Sec. 29, states the rule thus: "Infancy is a defense for delay both at law and in equity." In *In re Nelson,* 26 Haw. 809, 821, this court said: "Certainly during her minority no laches could be imputed to Daisy" (the Daisy referred to being the petitioner). (See also 21 C. J., Sec. 235.)

We conclude therefore that the averments of the petition on this point are sufficient.

The remaining question raised by the demurrer is whether the petitioner should offer to restore to the estate of her deceased father that portion of it which she received under the distribution made by the probate court. It is contended by the petitioner that inasmuch as what she has received is less than she will be entitled to in the event the alleged will is decided to be not the will of her father there is no necessity for requiring her to make restitution. There might be some force in this contention if it were certain that the success of the petitioner in this suit would result in the intestacy of Kikutaro Matsumoto. This result, however, might not follow. It is conceivable that another document might later appear and be admitted to probate as the last will and testament of Kikutaro Matsumoto. If such a contingency should arise and it was discovered that the petitioner was not included among the beneficiaries she would have received and kept property to which she was not entitled.

*Stone* v. *Cook,* 64 L. R. A. (Mo.) 287. Like the instant case that was a suit to revoke the probate of a will. In its opinion the Missouri court quoted at length from *In re Peaslee,* 73 Hun 114 (25 N. Y. S. 940). In the New York case it appeared that the petitioner had received $7000 as one of the beneficiaries under the alleged will. At the time she filed her petition she did not return to the court the amount which she had received. She contended that this was not necessary for the reason that if

she prevailed in her suit her distributive share of her mother's estate would exceed in value what had been paid to her under the terms of the will. This is the same position taken by the petitioner in the present case. The New York court in disposing of this contention said: "It may be true that if the contest should proceed it would so turn out, but of that we are not assured. It does not appear that should the petitioner be successful in her contest, as a result her mother's intestacy will be established. There may be other and prior wills in existence, the validity of one of which may be established, with the possible result that the petitioner will not receive thereunder a legacy sufficient in amount to make good the advancement to her by these executors. Certainly the contrary cannot be safely assumed. The fact that the petitioner received this money and expended it before becoming aware of the facts which encouraged her to enter upon a contest of the will may perhaps be unfortunate for her. If misfortune it be, it arises, of course, from the necessities which induced her to expend the money. Where a person asks that a rule be not applied on the ground that the reason upon which it is founded is not present the burden rests upon him to establish clearly the facts which he relies on to support his contention. The petitioner took the money and used it, and until she puts the parties in a position where, whatever the result may be, no one can be the loser because of the payments originally made to her, she is not in a situation to attack the will."

Whatever excuse the petitioner's minority may have furnished her, at the time her original petition was filed, for not returning what she had received as her distributive share of her father's estate, under the alleged will, did not exist when she filed her amended petition. At that time she was, according to her own averments, *sui*

*juris* and there was no longer any legal impediment to her electing to have the probate of the alleged will revoked on the grounds set up in her amended petition. Her retention of the benefits which she has received is, however, inconsistent with this position. She is entitled to these benefits only on the assumption that the alleged will is the real testament of her deceased father. She cannot at the same time affirm and deny this assumption. If she wishes to repudiate the alleged will and prosecute the present suit she must purge herself of this inconsistency by returning to the probate court whatever was paid her under the order of the court. The petitioner should therefore have alleged in her amended petition that she had returned to the probate court all she had received under the alleged will. Having failed to do this the demurrer should have been sustained. It is not too late, however, for her to amend her petition in this respect. She is entitled to such time as the court below deems reasonable to make this amendment.

This disposes of all the questions that were presented to us either in the briefs of counsel or in oral argument.

The judgment of the lower court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*J. C. Kelley* (*Patterson & Kelley* on the brief) for petitioner.

*J. Lightfoot* (*Lightfoot & Lightfoot* on the briefs) for respondents Shichizo Yamaguchi and Tatsumi Matsumoto.